27 F.3d 570
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tomas Trinidad ZAPATA, Defendant-Appellant.
 No. 93-2228.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 25, 1994.*
Decided May 27, 1994.
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Tomas Trinidad Zapata seeks the reversal of his conviction for possession of a firearm by a felon, 18 U.S.C. Secs. 922(g)(1), claiming that the evidence against him was insufficient. Because we conclude that a jury rationally could have found Zapata guilty beyond a reasonable doubt, we affirm.
 
 
 2
 On October 1, 1992, officers of the Drug Enforcement Administration executed a search of Zapata's residence at 4118 Homerlee, East Chicago, Indiana pursuant to a search warrant. Zapata was present during the search and assisted the officers by providing the keys to the house and to his bedroom. In Zapata's bedroom the officers found a loaded .38 caliber revolver in a Crown Royal bag in the top drawer of a dresser and a .12 gauge sawed-off shotgun under a towel in the closet.
 
 
 3
 In reviewing the sufficiency of the evidence, we must examine the evidence in the light most favorable to the government and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In doing so, we are not at liberty to reweigh the evidence or reassess the credibility of witnesses. United States v. DePriest, 6 F.3d 1201, 1206 (7th Cir.1993). Although Zapata concedes that he had a prior felony and that the firearm travelled in inter-state commerce, he contends that the evidence was insufficient to establish that he knowingly possessed the firearms. See United States v. Garrett, 903 F.2d 1105, 1110 (7th Cir.), cert. denied, 498 U.S. 905 (1990).
 
 
 4
 Possession of a firearm under Sec. 922(g)(1) may be actual or constructive. Id. at 1110. Constructive possession is established when the evidence demonstrates that the defendant "knowingly ha[d] the power and the intention at a given time to exercise dominion and control over [the firearm]." Id. at 1110 (citing United States v. Taylor, 728 F.2d 864, 868 (7th Cir.1984)). Such power and intention may be inferred where the defendant exercised control over the premises in which the firearm was kept or concealed. United States v. Galiffa, 734 F.2d 306, 316 (7th Cir.1984). However, if dominion or control over such premises was not exclusive, a nexus between the defendant and the firearm must be established. United States v. Hernandez, 13 F.3d 248, 252 (7th Cir.1994). For a conviction to be upheld, the evidence need not "remove every reasonable hypothesis of guilt." Taylor, 728 F.2d at 868. In this case, we conclude that the evidence was sufficient to establish that Zapata had constructive possession of the firearms.
 
 
 5
 At trial, the government offered the testimony of only one witness to establish Zapata's guilt. Officer Puntillo testified that he executed the search of Zapata's residence. He testified that the revolver was found in a Crown Royal bag in the top drawer of a dresser in the bedroom. The shotgun was found wrapped in a towel in an upright position in the closet of the same bedroom. Officer Puntillo also testified that Zapata admitted that the bedroom was his and that he, Officer Puntillo, did not notice any evidence that the bedroom was occupied by anyone other than Zapata.
 
 
 6
 Zapata argues that Officer Puntillo's testimony was insufficient to establish beyond a reasonable doubt that only he had access to and control of the bedroom. Zapata contends that absent affirmative proof that he controlled the bedroom exclusively, the inference that he constructively possessed the firearms stored there was unwarranted. Zapata further argues that the testimony of defense witnesses established that he did not have exclusive control of the bedroom, that the firearms belonged to his deceased father and that Sandra Pineda, his girlfriend and the mother of his child, had placed the firearms in the bedroom for safekeeping without his knowledge.
 
 
 7
 We need not determine whether Zapata exercised exclusive control over his bedroom because Zapata concedes that the bedroom was his and, even if his girlfriend shared it with him, the jury need only have found that Zapata was aware that firearms were stored there and that he had unrestricted access to them to conclude that he constructively possessed them. United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990) (where the defendant and his girlfriend had joint control of the premises, knowledge of the gun's location and unhindered access to it provided a sufficient nexus between the defendant and the firearm to support a conviction for constructive possession).
 
 
 8
 We conclude that the jury rationally could have found that Zapata was aware of and had access to the firearm in his bedroom. Officer Puntillo testified that he saw no indication that anyone other that Zapata used the bedroom. Sandra Pineda testified that although she kept a few of her belongings in the bedroom she stored most of them in other rooms of the house. She testified that all of Zapata's clothes were in the closet where the shotgun was found and that the revolver was stored in the upper portion of the closet until one month prior to Zapata's arrest when she removed it and placed it in the top drawer of the dresser. Pineda also testified that the top drawer of the dresser was hers, however, she admitted that she used it primarily for Zapata's mail. Although Pineda testified that Zapata did not know where she had stored the firearms, given the evidence that Zapata's use of the closet and dresser was substantial, the jury reasonably could have disbelieved her.
 
 
 9
 For the foregoing reasons, we AFFIRM the conviction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record